# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL WHITECLOUD,<br><br>                  Plaintiff,<br>   vs.<br><br>UNITED STATES OF AMERICA, AUSA RICHARD CHENG, and DOES 1 THROUGH 4,<br><br>                  Defendants. | CASE NO. 06CV1490-LAB (CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt No. 8] |

Plaintiff Russel Whitecloud ("Whitecloud"), proceeding *pro se*, filed a Complaint on February 21, 2006 in San Diego County Superior Court seeking damages for alleged "false imprisonment" for the six years and seven months he served in federal prison in Taft, California following his jury trial and conviction in 1997 for Social Security fraud in the making of false statements in his application for benefits. He named as defendants the United States and Assistant United States Attorney Richard Cheng, his prosecutor at the 1997 trial, and purported to proceed under CAL. CIV. CODE §§ 1799.2, 3281, and 1431.2. The United States removed the action from state court, certified Mr. Cheng was acting in the scope of his employment as a federal employee with respect to any events recited in Whitecloud's Complaint, and this court concurred the action must be deemed an action brought against the United States and governed, therefore, by the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

The United States now moves to dismiss the Complaint for lack of jurisdiction over the subject matter (FED. R. CIV. P. 12(b)(1)) and for failure to state a claim (FED. R. CIV. P. 12(b)(6)). Defendant also moves for sanctions against Whitecloud in the form of a declaration Whitecloud is a vexatious litigant whose access to the court must be supervised and limited through an injunction requiring that he obtain leave of court before filing any further lawsuits, at a minimum with respect to any issue associated with his 1997 conviction for Social Security fraud.[1] Whitecloud has filed Opposition to the Motion, simply revisiting his allegations Mr. Cheng submitted false evidence at the criminal trial, failure of the government to prove he committed the crime for which he was convicted and sentenced, and the service of his sentence was accordingly "false imprisonment" and a purported violation of his civil rights. The government apparently elected to waste no further resources on this litigant and these claims, as no Reply was filed.

As demonstrated by the government, in reliance on judicial records of which this court may take judicial notice, Whitecloud pursued the same claims (under civil rights violation theories) five years ago in this court arising from the same facts as he alleges in this Complaint, albeit using a different name ("Thomas Russel," one of several names the government substantiates Whitecloud has used in multiple legal proceedings he has initiated) and naming as the defendant only Richard Cheng.[2] By Order entered April 29, 2002, District Judge M. James Lorenz granted defendant's Motion For Summary Judgement. Judge Lorenz held all Whitecloud's claims were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and by the prosecutor's absolute immunity from suit.

The government advances two theories entitling it to a dismissal of this action: any further review of Whitecloud's redundant claims is barred by the doctrine of *res judicata*; and Whitecloud failed to meet the jurisdictional prerequisites of the Federal Tort Claims Act ("FTCA") requiring any plaintiff desiring to sue the federal government to comply with the administrative claims procedures prior to seeking judicial relief. Both arguments are well-taken.

---

[1] The government represents the Ninth Circuit has already declared Whitecloud a vexatious litigant with respect to his multiple appeals.

[2] Case No. 01cv0682-L(LSP). Whitecloud alleged substantially the same facts and asserted the same arguments as in this case: his 1997 prosecution and conviction of Social Security fraud based on his false statements in an application for benefits; and prosecutor Chang's conduct at the trial purportedly violated his civil rights. *See* Schweiner Decl. Exhs. A, B.

1    "The doctrine of *res judicata* reflects the refusal of law to tolerate needless litigation." Angel v. Bullington, 330 U.S. 183, 192-93 (1947) ("Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion"). The doctrine bars parties from relitigating claims that were or could have been raised in earlier actions. *See, e.g.*, Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713-14 (9th Cir. 2001). The government's moving papers demonstrate Whitecloud's alleged civil rights violations in his 2001 Complaint and his claim of false imprisonment in this action are essentially the same challenge to his 1997 prosecution and conviction for Social Security fraud, irrespective of the denominated legal theories in the pleadings, with no material factual difference. The court has applied the criteria of Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982) to conclude *res judicata* bars Whitecloud's claims, warranting dismissal of this action with prejudice.[3]

In addition, even were Whitecloud's claims to survive a *res judicata* analysis, his failure to comply with the prerequisite administrative procedures mandated by the FTCA deprive this court of subject matter jurisdiction. *See* Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) ("the administrative claim requirements of Section 2675(a) are jurisdictional in nature, and must be strictly adhered to"). Whitecloud seeks money damages for alleged tortious conduct by government employee Mr. Cheng. He has failed to demonstrate he has satisfied the requirement he present an administrative claim to the proper federal agency before bringing suit. 28 U.S.C. § 2675(a). The Declaration of Aleta Bodolay in support of the Motion substantiates he has not done so, and the United States has not waived its sovereign immunity. Moreover, the statute of limitations to satisfy the FTCA is two years from the date of accrual of the claim. 28 U.S.C. § 2401(b). Nearly ten years have passed since Whitecloud's 1997 trial, conviction and sentencing, the subject matter of his Complaint. Any attempt at this late date to file an administrative tort claim with the Department of Justice regarding the conduct of those criminal proceedings would be futile, as FTCA claims are forever barred upon expiration of the statute of limitations. *See* Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

---

[3] The criteria identified in Costantini are: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. . . . The last of these criteria is the most important." Costantini, 681 F.2d at 1201-02 (citation omitted).

1     Accordingly, for all the foregoing reasons, **IT IS HEREBY ORDERED** this action is
2 dismissed in its entirety, with prejudice, on grounds of *res judicata* and lack of subject matter
3 jurisdiction. **IT IS FURTHER ORDERED** Whitecloud is hereby enjoined and shall cease and desist
4 from filing any future lawsuit in this court related in any way to the conduct of his 1997 trial or his
5 conviction and sentence in that case for Social Security fraud. Should he ignore this Order, he will be
6 subject to monetary or other sanctions for contempt of court.

7     **IT IS SO ORDERED**.

8 DATED: January 4, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge